IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MICHAEL LEE MCCRANIE**                                                **PLAINTIFF**

**V.**                             **CASE NO. 3:18-CV-03049**

**MERWIN MOORE, III, Physician,**
**Baxter Regional Medical Center**                                       **DEFENDANT**

## OPINION AND ORDER

Plaintiff Michael Lee McCranie filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. The sole Defendant is Dr. Merwin Moore, III. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Plaintiff broke his hand and had to have surgery. Defendant Dr. Moore, an orthopedic surgeon at Baxter Regional Medical Center, in Mountain Home, Arkansas, performed the surgery on some unspecified date.

Prior to the surgery, Plaintiff alleges he had "full mobile use" of his hand. Since the surgery, Plaintiff alleges he cannot "close [his] hand" and his "index finger" on his right hand "just sticks out."

As relief, Plaintiff seeks compensation for the loss of use of his hand. He also seeks damages for his pain and suffering.

1

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff's claims against Dr. Moore are subject to dismissal. Dr. Moore is a private physician. In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id.* at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

*Montano*, 120 F.3d at 848.

In this case, Plaintiff has alleged only that Dr. Moore, an orthopedic surgeon, performed surgery on his hand at the Baxter Regional Medical Center. There is no allegation that Dr. Moore was under contract with, had been delegated a power traditionally reserved to the States, was a willful participate in joint activity with a State agency, or that there was pervasive entwinement between Dr. Moore and the State. In fact, there is no allegation that Plaintiff was in the custody of any governmental entity at the time the surgery was performed.

Plaintiff does not assert a § 1983 claim against any government official or entity. "[P]rivate conduct, no matter how egregious, discriminatory, or harmful, is beyond the reach of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). Applying *Montano's* functional approach, there is no reason to believe Dr. Moore acted under color of state law.

### IV. CONCLUSION

No plausible claims are stated against Dr. Moore. The case is **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim). The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g). The **Clerk** is directed to put a § 1915(g) strike flag on the case.

**IT IS SO ORDERED** on this 25th day of June, 2018.

 /s/ Timothy L. Brooks
 TIMOTHY L. BROOKS
 UNITED STATES DISTRICT JUDGE